IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VEANIUA VEHIKITE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br><br>Civil Case No. 2:16-CV-669 TS<br>Criminal Case No. 2:12-CR-533 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner Veaniua Vehikite' Motion to Correct Sentence Under 28 U.S.C. § 2255. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

On October 5, 2012, Petitioner was charged with various counts, including possession with intent to distribute methamphetamine and being a felon in possession of a firearm. Petitioner pleaded guilty on July 16, 2013.

The Presentence Report identified one of Petitioner's prior convictions as a crime of violence under United States Sentencing Guideline ("USSG") § 4B1.2, a 2005 Utah conviction for failing to stop at the command of a police officer. This resulted in a base offense level of 20 instead of 14. With a total offense level of 21 and a criminal history category of VI, Petitioner had a guideline range of 77 to 96 months. The Court imposed a sentence of 65 months. Petitioner did not file a direct appeal.

Petitioner filed the instant Motion on June 22, 2016. Petitioner argues that his sentence is unconstitutional in light of *Johnson v. United States*.[1] In particular, Petitioner contends that his prior conviction for failure to stop can no longer be considered a crime of violence.

## II. DISCUSSION

The Supreme Court in *Johnson* considered the validity of the Armed Career Criminal Act ("ACCA"). The ACCA, 18 U.S.C. § 924(e), provides for increased penalties for a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense. The Act defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .[2]

The first part of the definition—"has as an element the use, attempted use, or threatened use of physical force against the person of another"—is known as the force clause. The second portion—"burglary, arson, extortion, or crimes involving the use of explosives"—is the enumerated offenses provision. The last clause—"crimes that otherwise involve conduct that presents a serious potential risk of physical injury to another"—is called the residual clause. In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague.[3] The

---

[1] 135 S. Ct. 2551 (2015).

[2] 18 U.S.C. § 924(e)(2)(B).

[3] *Johnson*, 135 S. Ct. at 2563.

Supreme Court in *Welch v. United States*,[4] held that *Johnson*'s constitutional holding applied retroactively to cases on collateral review.

The Sentencing Guidelines provide for several sentencing enhancements for crimes constituting "crimes of violence." Relevant here, USSG § 2K2.1 calculates a defendant's base offense level depending on how many prior convictions the defendant sustained for "either a crime of violence or a controlled substance offense." "Crime of violence" is, in turn, defined by § 4B1.2. Section 4B1.2(a) defines a "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[5]

The Tenth Circuit has held that the "'crime of violence' definition set forth in . . . § 4B1.2, is virtually identical to the definition of a 'violent felony'" contained in the ACCA.[6] Thus, the Tenth Circuit has applied the Supreme Court's "ACCA 'violent felony' analysis" to interpret "§ 4B1.2's definition of 'crime of violence.'"[7] Importantly, after *Johnson*, the Tenth Circuit held that § 4B1.2(a)(2)'s residual clause is unconstitutionally vague.[8] However, the

---

[4] 136 S. Ct. 1257 (2016).

[5] USSG § 4B1.2(a). The definition of crime of violence in USSG § 4B1.2(a) was recently amended. The Court quotes from the relevant language in effect at the time of Petitioner's sentence.

[6] *United States v. Wray*, 776 F.3d 1182, 1184 (10th Cir. 2015) (citations and quotation marks omitted).

[7] *Id.* at 1184–85.

[8] *United States v. Madrid*, 805 F.3d 1204, 1211 (2015) ("The concerns about judicial inconsistency that motivated the Court in *Johnson* lead us to conclude that the residual clause of

Tenth Circuit has not directly addressed whether *Johnson*'s application to the Guidelines applies retroactively to petitioners seeking collateral review.

The Supreme Court recently granted certiorari in *Beckles v. United States*.[9] In *Beckles*, the Court agreed to resolve the question of whether *Johnson* applies to the residual clause of USSG § 4B1.2 and, if so, whether it applies retroactively.

The government concedes that Petitioner's previous conviction no longer qualifies as a crime of violence under *Johnson*. However, the government requests the Court deny Petitioner's Motion because: (1) Petitioner waived his right to bring a § 2255 Motion; (2) Petitioner has not carried his burden of establishing his right to habeas relief because he has failed to establish that *Johnson* applies retroactively to collateral review claims based on the Guidelines; and (3) Petitioner procedurally defaulted on his claim by failing to challenge the enhancement before this Court or on direct appeal. In addition, the government has filed a Motion to Stay, seeking a stay of this case pending the Supreme Court's ruling in *Beckles*.

A.   COLLATERAL APPEAL WAIVER

The Court first considers the government's argument that Petitioner has waived his right to bring a § 2255 Motion. In his plea agreement, Petitioner waived the right to challenge his sentence "in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255 except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver."[10]

---

the Guidelines is also unconstitutionally vague. If one iteration of the clause is unconstitutionally vague, so too is the other.").

[9] S. Ct. No. 15-8544, *cert. granted*, 579 U.S. ___, 136 S. Ct. 2510 (June 29, 2016).

[10] Case No. 2:12-CR-533 TS, Docket No. 65 ¶ 12(A)(2)(b).

4

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[11]  However, "the constraints which apply to a waiver of the right to direct appeal also apply to a waiver of collateral attack rights."[12]

The Tenth Circuit has established a three-part test based upon contract principles to determine the enforceability of appeal waivers.[13]  The Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[14]  Petitioner argues that his waiver was not entered knowingly and would result in a miscarriage of justice.  The Court agrees that enforcing the waiver here would result in a miscarriage of justice.

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[15]

---

[11] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[12] *Id.*

[13] *United States v. Hahn*, 359 F.3d 1315, 1324–25 (10th Cir. 2004) (*en banc*) ("[C]ontract principles govern plea agreements.").

[14] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

[15] *Id.* at 1143 (citing *Hahn*, 359 F.3d at 1327).

The Tenth Circuit adopted the test employed in *United States v. Olano*[16] to determine whether a waiver is otherwise unlawful. In *Olano*, the Supreme Court set out the proper test to be applied on plain error review. Under that test, the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings.[17]

The Tenth Circuit addressed plain error in *Madrid*, where it held that *Johnson* invalidated the residual clause of USSG § 4B1.2. In that case, the defendant argued that his prior conviction for statutory rape was not a crime of violence under the Guidelines in light of *Johnson*. Since the defendant had not made the argument below, it was reviewed for plain error. "Plain error occurs 'when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"[18] The Tenth Circuit concluded that a *Johnson*-based guidelines error met all these factors. On the final factor, the court stated:

> We have recognized that when the correct application of the sentencing laws would likely significantly reduce the length of the sentence, circuit courts have almost uniformly held the error to implicate fundamental fairness issues. Madrid received an enhanced sentence under an unconstitutional sentencing Guideline, undermining the fundamental fairness of his sentencing proceedings.[19]

Based on this reasoning in *Madrid*, the Court concludes that enforcing the waiver in Petitioner's plea agreement would result in a miscarriage of justice. The incorrect guideline determination in this case implicates issues of fundamental fairness and undermines the integrity

---

[16] 507 U.S. 725 (1993).

[17] *Id.* at 732.

[18] *Madrid*, 805 F.3d at 1211 (quoting *United States v. Frost*, 684 F.3d 963, 971 (10th Cir. 2012)).

[19] *Id.* at 1212 (citations and quotation marks omitted).

of Petitioner's sentencing proceedings. Therefore, the collateral appeal waiver does not bar relief and Petitioner will be permitted to pursue this Motion.[20]

B.   REMAINING ARGUMENTS

The Court has previously considered and rejected the government's remaining arguments.[21] For substantially the same reasons previously stated, the Court rejects these arguments here. Therefore, the Court will grant Petitioner's Motion.

### III.  CONCLUSION

It is therefore

ORDERED that the government's Motion to Stay (Docket No. 4) is DENIED. It is further

ORDERED that Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 (Docket No. 1 in Civil Case No. 2:16-CV-669) is GRANTED. The Clerk of the Court is directed to enter Judgment in favor of Petitioner and close this case.

The Court will set this matter for resentencing by separate notice. All further filings should be done in the underlying criminal case.

---

[20] At least one District Court within this Circuit has reached the same conclusion. *See United States v. Daugherty*, Case No. 07-CR-87-TCK, 2016 WL 4442801, at *6–7 (N.D. Okla. Aug. 22, 2016).

[21] *Culp v. United States*, Case No. 2:16-CV-672 TS, 2016 WL 5400395 (D. Utah Sept. 27, 2016); *see also Andrews v. United States*, Case No. 2:16-CV-501 DB, 2016 WL 4734593 (D. Utah Sept. 9, 2016).

DATED this 13th day of October, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge